**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

VICTOR DONNELL JOSHUA LEE,

    Petitioner,

v.                                            CASE NO. 8:13-cv-3127-T-30EAJ
                                               CRIM. CASE NO. 8:07-cr-137-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

Lee's amended motion to vacate pursuant to 28 U.S.C. § 2255 (CV Dkt. 3) challenges the validity of his 2008 plea-based convictions for conspiracy to possess with intent to distribute five kilograms or more of cocaine, attempted possession with intent to distribute five kilograms or more of cocaine, and aiding and abetting another person who carried a firearm in furtherance of a drug trafficking crime (CR Dkt. 149). Lee was sentenced to 120 months in prison on Counts 1 and 2 (concurrent), and a consecutive 60 month prison sentence on Count 4 (Id.). Judgment was entered on January 15, 2008 (Id.). Lee did not file a timely notice of appeal.

Rule 4, Rules Governing Section 2255 Cases, requires a preliminary review of the motion to vacate. Section 2255 requires denial of the motion without a response if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (The

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'"). Upon review of the amended motion to vacate and record, the Court concludes that the motion must be dismissed as time-barred.

## ANALYSIS

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996. The AEDPA added a new statutory limitations period to 28 U.S.C. § 2255. *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000), *cert. denied*, 531 U.S. 971 (2000). Section 28 U.S.C. § 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of:
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f).

2

Because Lee did not file a direct appeal, his judgment of conviction became final 10 business days after entry of his judgment on January 15, 2008, when the time for filing an appeal expired. *See Adams v. United States*, 173 F.3d 1339, 1342 (11th Cir. 1999). Consequently, his limitations period expired one year later in January 2009.

On November 19, 2012, Lee filed a pleading that he titled "Rule 60(b)(4)." (CR Dkt. 160). The Court treated the pleading as a notice of appeal of his judgment of conviction. The Eleventh Circuit Court of Appeals, however, transferred the pleading to this Court to docket it as a § 2255 motion (CR Dkt. 184). Therefore, because the construed § 2255 motion was filed more than three years after the expiration of the limitations period, Petitioner's § 2255 motion is untimely. Consequently, the only way for Lee to avoid the time bar under § 2255(f) is to demonstrate that equitable tolling applies. *See Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2554 (2010) ("[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling.").[2]

---

[2]Lee appears to assert his "actual innocence" of the crimes to which he pleaded guilty. Actual innocence, if proved, permits a petitioner to overcome the expiration of the statute of limitations. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). To prove actual innocence, a prisoner must show that, in light of new evidence, no reasonable juror would have found him guilty beyond a reasonable doubt. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298 808 (1995); *House v. Bell*, 547 U.S. 518 (2006)). And, "[a]ctual innocence means factual innocence, not legal insufficiency." *Daniels v. Warden, FCC Coleman - USP I*, 2013 U.S. App. LEXIS 19227, at *5 (11th Cir. Sept. 18, 2013) (unpublished) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Lee is not entitled to an actual innocence exception to the time-bar because he has presented no new evidence of his factual innocence. His assertions that his plea was unknowing, unintelligent, and involuntary because the surveillance tapes were "in Spanish," and that trial counsel rendered ineffective assistance during the plea and sentencing proceedings are not claims of actual innocence. *See, e.g., Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir.1990) (invalid guilty plea and ineffective assistance of counsel claims are not claims of actual innocence).

3

Lee argues entitlement to equitable tolling.[3] Specifically, he argues that he is entitled to equitable tolling because he "lingered under the mistaken belief that Counsel had filed his Notice of Appeal as directed." (CV Dkt. 3 at p. 13).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Lee has failed to establish the requisite diligence which is required to show his entitlement to equitable tolling. Lee alleges that he asked his attorney to file a notice of appeal of his judgment of conviction, "made numerous attempts to contact him via handwritten letters" (CV Dkt. 1 at p. 7), and "lingered under the mistaken belief that Counsel had filed his Notice of Appeal as directed" (CV Dkt. 3 at p. 13). Nevertheless, Lee has failed to provide any evidentiary support for his assertions, allege any specific facts regarding the dates on which he attempted to contact counsel regarding the status of his appeal, and allege that he specifically inquired regarding his federal remedy pursuant to 28 U.S.C. § 2255. *See Tapanes v. McNeil*, 2011 U.S. Dist. LEXIS 15707, *15 n.8 (S.D. Fla. Jan. 18, 2011) (absent supporting evidence in the record, a court generally cannot consider a habeas petitioner's vague and conclusory assertions) (citing *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991)). *See also Webster v. Sec'y for the Dep't of Corr.*, 384 Fed. Appx. 977, 983 (11th Cir. Fla. 2010) (unpublished opinion) (where petitioner made only one inquiry as to the status of

---

[3]On December 17, 2013, the Court directed Lee to show cause why the motion should not be dismissed as time-barred (CV Dkt. 2 at p. 2).

4

his appeal, three years after he filed the notice of appeal, petitioner did not establish that he acted with due diligence in investigating the status of appeal).

In sum, Lee is not entitled to equitable tolling because he has not demonstrated that the untimely filing of his § 2255 motion was the result of extraordinary circumstances that were both beyond his control and unavoidable even with diligence.

ACCORDINGLY, the Court **ORDERS** that:

1. The amended motion to vacate, set aside, or correct sentence (CV Dkt. 3) is **DISMISSED** as time-barred.

2. The Clerk shall terminate all pending motions, and close this case.

3. If Lee can show by record evidence that his § 2255 motion is not time-barred, the Court will entertain a motion to reopen this case if Petitioner files the motion within twenty-eight (28) days from the date of this Order.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Lee is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle*

v. *Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because reasonable jurists would not find debatable the conclusion that the § 2255 motion is time-barred, Lee cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484.

Finally, because Lee is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on February 21, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
<u>Copy furnished to</u>:
*Pro Se* Petitioner