## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

VICTOR DONNELL JOSHUA LEE,

      Petitioner,

v.
                                    CASE NO. 8:13-cv-3127-T-30EAJ
                                  CRIM. CASE NO. 8:07-cr-137-T-30EAJ

UNITED STATES OF AMERICA,

      Respondent.

_____/

## O R D E R

THIS MATTER comes before the Court upon consideration of Petitioner's Motion for Reconsideration Pursuant to Rule 59(e) (CV Dkt. 7) in which Petitioner moves the Court to reconsider its February 21, 2014 Order dismissing Petitioner's amended motion to vacate his sentence pursuant to 28 U.S.C. § 2255 as time-barred (see CV Dkt. 6).

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). Petitioner does not present newly-discovered evidence. Rather, he argues that the Court erred in dismissing the § 2255 motion without an evidentiary hearing, and requests the Court appoint him counsel to present equitable tolling argument on his behalf.

Petitioner was not entitled to an evidentiary hearing, as his allegations in support of his request for equitable tolling were vague and conclusory. *See Tejada v. Dugger*, 941 F.2d

1551, 1559 (11th Cir. 1991) (noting that a petitioner is not even entitled to an evidentiary hearing as to federal habeas corpus relief when the "claims are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible") (quotations and citation omitted); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002) (district court did not abuse its discretion in denying an evidentiary hearing on equitable tolling when the petitioner only presented conclusory allegations, without supporting evidence, to support his claim).

Upon review of Petitioner's motion, the Court concludes that Petitioner has failed to provide good cause for this Court to alter or amend the February 21, 2014 Order. *See Cover v. Wal-Mart*, 148 F.R.D. 294, 295 (M.D. Fla. 1993).

**ACCORDINGLY**, the Court **ORDERS** that:

1.    Petitioner's Motion for Reconsideration Pursuant to Rule 59(e) (CV Dkt. 7) is **DENIED**.

2.    To the extent Petitioner requests appointment of counsel, the motion is **DENIED**.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize the Petitioner to proceed on appeal *in forma*

2

*pauperis* because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

   **DONE** and **ORDERED** in Tampa, Florida on March 27, 2014.

                                        _____
                                        **JAMES S. MOODY, JR.**
                                        **UNITED STATES DISTRICT JUDGE**

SA:sfc
Copy to: Petitioner, *pro se*

3